The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Laura K. Mavretic. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. On November 30, 1989, plaintiff sustained a compensable injury to her back.
2. At the time of the compensable injury giving rise to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
3. At such time, an employment relationship existed between plaintiff and defendant-employer.
4. New Hampshire Insurance Company was the compensation carrier on the risk.
5. In 1990, plaintiff worked for Dunkin' Doughnuts, Allen's Beauty Supply, and J J Kitchen. Plaintiff has not returned to work for Inco, Inc.
6. This matter was initially heard before Deputy Commissioner Tamara R. Nance on April 25, 1991 and her July 16, 1992 Opinion and Award is incorporated herein by reference.
7. At the time of the injury giving rise to this claim, plaintiff's average weekly wage was $175.57, yielding a compensation rate of $117.05.
8. Defendant-employer overpaid plaintiff and plaintiff's counsel due to a clerical error.
9. Pursuant to Deputy Nance's July 16, 1992 Opinion and Award, plaintiff has been receiving temporary total disability benefits at the rate of $117.05 per week since October 15, 1992, when Dr. Tomaszek performed surgery to her back.
10. A July 11, 1994 letter from Marie Stewart, Senior Claims Representative of American International Adjustment Company, Inc. concerning defendant-employer's overpayment of plaintiff and plaintiff's attorney was stipulated into evidence.
11. All parties are correctly designated. There is no question of misjoinder or nonjoinder of parties.
12. Plaintiff's medical and vocational rehabilitation records were stipulated into evidence.
13. Plaintiff's affidavit dated November 22, 1994 was stipulated into evidence.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. At the time of the hearing of this matter, plaintiff was 28 years old. She completed the ninth grade in school and has done some work towards obtaining a GED.
2. On November 30, 1989, plaintiff sustained a compensable injury by accident when she and a co-worker were carrying a 50-pound bag of powdered sugar. The bag slipped and plaintiff grabbed the entire bag. At the time of the injury, plaintiff felt a sharp, immediate pain in her low back.
3. Defendant-employer received notice of the compensable injury by accident within 30 days of its occurrence.
4. In February of 1991, plaintiff was first seen by Dr. Tomaszek. Dr. Tomaszek ordered an MRI which revealed a disc bulge at L4-5.
5. On May 3, 1991, Dr. Tomaszek administered lumbar facet blocks under general anesthesia. On June 7, 1991, Dr. Tomaszek indicated that plaintiff could return to work with a lifting restriction of 25 pounds.
6. On September 4, 1991, plaintiff was re-examined by Dr. Tomaszek due to plaintiff's continuing complaints of occasional pain. Dr. Tomaszek concluded that surgery would now be warranted.
7. On October 15, 1992, Dr. Tomaszek operated on plaintiff. Dr. Tomaszek decompressed the spinal canal at L5-S1, performed a fusion at L5-S1, and implanted a bone stimulator.
8. On May 27, 1993, Dr. Tomaszek surgically removed the bone stimulator.
9. On October 6, 1993, Dr. Tomaszek released plaintiff to return to light or sedentary work that required no lifting over 20 pounds, no repetitive lifting regardless of weight, no repetitive twisting or bending, and no sitting or standing for more than two hours without the ability to change positions. At that time, Dr. Tomaszek indicated that plaintiff had reached maximum medical improvement with a 30% permanent functional impairment to her back.
10. Between January 11, 1994 and March 15, 1994, plaintiff was provided numerous employment prospects by Dennis W. Nichols, a vocational rehabilitation consultant employed by defendant-employer. These job prospects included an appointment setter position with Southern Clean Air, a caller position at 301 Bingo, a photographer/telemarketer position at Olan Mills Studio, a position at Krispy Kreme Doughnuts, a position at the Old America Store, a position at Days Inn, and a deli position at Winn-Dixie. Plaintiff failed to make a reasonable effort to follow up on or apply for these available positions. Furthermore, plaintiff did not make a reasonable effort to find alternative suitable employment independent of Mr. Nichols.
11. On March 15, 1994, plaintiff met with Mr. Nichols but refused to accompany him to contact potential employers.
12. On April 5, 1994, Dr. Tomaszek re-examined plaintiff. At that time, plaintiff related that she was experiencing some incontinence. Dr. Tomaszek referred plaintiff to Dr. Lovette, who, in turn, referred plaintiff to Dr. Long.
13. On May 31, 1994, plaintiff was examined by Dr. Long and was diagnosed as having a hypotonic bladder.
14. Plaintiff's hypotonic bladder condition is causally related to her injury of November 30, 1989, but has caused no additional disability.
15. The treatment plaintiff received from Dr. Tomaszek, Dr. Lovette, and Dr. Long was reasonable and necessary to effect a cure and give relief from the injury of November 30, 1989.
16. As a result of the November 30, 1989 injury by accident, plaintiff has been unable to earn any wages in any employment from October 15, 1992 to the present.
17. Due to a clerical error, defendant-employer overpaid plaintiff and plaintiff's attorney a total of $3,394.45. Of this amount, plaintiff was overpaid $819.35 and plaintiff's attorney was overpaid $2,575.10. Defendant-employer discovered this clerical error and has recouped $1,404.60 from plaintiff's attorney, reducing plaintiff's attorney's current overpayment to $1,170.50. Defendant-employer has not recouped any of the overpayment made to plaintiff, and plaintiff's current overpayment remains $819.35.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows
CONCLUSIONS OF LAW
1. On November 30, 1989, plaintiff sustained a compensable injury by accident arising out of and in the course of her employment with defendant-employer when she attempted to grab a slipping 50-pound bag of powdered sugar. N.C.G.S. § 97-2(6).
2. Plaintiff is entitled to temporary total disability compensation benefits at the rate of $117.05 per week for the time period beginning October 15, 1992 and continuing, provided that plaintiff comply with vocational rehabilitation as ordered below. N.C.G.S. § 97-25; 97-29.
3. Defendant-employer is entitled to a credit for the overpayment of compensation as indicated in Finding of Fact #17.
4. Plaintiff is entitled to payment of all medical expenses by defendant-employer as a result of her compensable injury by accident of November 30, 1989, for so long as such examinations, evaluations, and treatments may reasonably be required to effect a cure, or give relief, and will tend to lessen plaintiff's disability. N.C.G.S. § 97-25 (before amendment).
5. Defendant-employer is entitled to recoup from plaintiff's attorney any overpayment of legal fees as yet unreimbursed as indicated in Finding of Fact #17.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following
AWARD
1. Defendant-employer shall pay plaintiff, on account of her temporary total disability, compensation at the rate of $117.05 per week for the period beginning October 15, 1992 and continuing until defendant-employer obtains permission from the Commission to cease such compensation; provided that plaintiff shall cooperate with vocational rehabilitation as ordered below.
2. A reasonable attorney's fee in the amount of 25% of the compensation benefits due under paragraph one of this Award is hereby approved for plaintiff's counsel. Plaintiff's counsel, therefore, shall receive every fourth compensation check. Defendant-employer, however, may deduct any unreimbursed overpayment of legal fees indicated in Finding of Fact #17 from these payments.
3. Defendant-employer shall pay all medical expenses incurred by plaintiff as a result of her compensable injury by accident of November 30, 1989, for so long as such examinations, evaluations, and treatments may reasonably be required to effect a cure, or give relief, and will tend to lessen plaintiff's disability.
4. Plaintiff's motion for attorney's fees is DENIED.
ORDER
1. Plaintiff is hereby ORDERED to cooperate with any vocational rehabilitation services provided by defendant-employer. The refusal to cooperate with this order shall bar plaintiff from further compensation until such refusal ceases. N.C.G.S. § 97-25.
2. Defendant-employer shall pay the costs.
 S/ ______________________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ _______________________ THOMAS J. BOLCH COMMISSIONER
S/ _______________________ DIANNE C. SELLERS COMMISSIONER
CMV/cnp/mj 1/22/96